IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD REED,

      Plaintiff,                    No. CIV S-05-0060 RRB GGH P

  vs.

DR. WILLIAMS, et al.,

      Defendants.          <u>ORDER</u>

_____/

<u>Introduction</u>

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court are: 1) defendant Silva's motion to dismiss, pursuant to Fed. R. 12(b)(6), for failure to state a claim, filed on September 25, 2006, to which plaintiff filed an opposition on October 17, 2006; defendant Silva filed a reply on October 24, 2006; 2) plaintiff's subsequent motion for leave to file a second amended complaint, filed on January 12, 2007, along with a proposed second amended complaint, to which defendants filed a statement of non-opposition on January 24, 2007; 3) plaintiff's February 23, 2007, motion for issuance of a subpoena to which defendants filed an opposition on March 16, 2007, and plaintiff filed his reply on March 27, 2007.

\\\\\

1

Background

On October 6, 2005, defendants Williams and Moore filed an answer to plaintiff's original complaint, filed on January 11, 2005, naming as defendants Williams, Moore, Frates, and Silva. Also on October 6, 2005, defendant Silva brought a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. A waiver of service of process directed to defendant Frates having been returned unexecuted on July 28, 2005, a location for this defendant was ultimately obtained by the court from defendants, and defendant Frates was eventually served, pursuant to an Order, filed on January 5, 2006, and thereafter filed her answer to the January 11, 2005, original complaint on February 21, 2006.

By Order, filed on August 22, 2006, defendant Silva's motion to dismiss was granted, with leave to file an amended complaint, which plaintiff filed on September 12, 2006, naming the original defendants: B. Williams, T. Frates, W. Moore and J. Silva. Once again, defendant Silva filed a motion to dismiss to which plaintiff filed an opposition, on October 17, 2006. Before the court could rule on the motion, however, plaintiff filed a motion for leave to file a second amended complaint, on January 12, 2007, along with a proposed second amended complaint, to which defendant Silva filed a statement of non-opposition, on January 24, 2007. In the proposed second amended complaint, plaintiff names as defendants only B. Williams, T. Frates, W. Moore.

Discussion

As defendant Silva has been dismissed by plaintiff as a defendant in the proposed second amended complaint, defendants have stated that they do not oppose the filing of the second amended complaint. Thus, the pending motion to dismiss has been rendered moot and this court will vacate that motion from its calendar and grant plaintiff's unopposed motion to proceed upon his second amended complaint, which will be deemed filed, nunc pro tunc, as of January 12, 2007. As defendants Williams, Moore and Frates have previously answered the original complaint, they will be granted twenty (20) days from the filing date of this order, to file

either a statement indicating that they intend to rest on their previously filed answers, or to file an amended answer. If defendants fail to respond timely, the court will deem defendants' prior answers to be their answers to the second amended complaint.

<u>Plaintiff's Motion for a Subpoena</u>

Plaintiff, citing Fed. R. Civ. P. 45(a)(3),[1] asks that the Clerk of the Court issue a blank, signed subpoena so that he might subpoena the mental health and prison disciplinary records of inmate Thornton, P-76816 from CDCR.[2] Plaintiff asserts that the files are critical to prove the deliberate indifference of defendants Frates and Moore, as set forth in his second amended complaint. <u>See</u> <u>Motion for Issuance of Subpoena</u>. The court will address this motion in a separate order.

<u>Miscellaneous</u>

This matter now proceeds upon the second amended complaint, filed on January 12, 2007. Defendants, as noted, are being afforded an opportunity to amend their answers.

In the scheduling order, filed on November 29, 2006, the discovery deadline was set for March 9, 2007, the pretrial motion filing deadline was May 4, 2007; the pretrial conference was set for August 24, 2007, with plaintiff's pretrial statement due by August 3, 2007 and defendants' pretrial statement due by August 17, 2007. Defendants indicated at the time of filing their March 16, 2007, opposition to plaintiff's motion for a subpoena, that they were unlikely to bring a motion for summary judgment in light of plaintiff's allegations with respect to defendants Frates and Moore having ignored his complaints about Thornton's threats. Opp. to Motion for Subpoena, p. 6.

At this point, other than the discovery deadline set therein, this court will not vacate the dates set in scheduling order at this time. However, plaintiff's pretrial statement, filed

---

[1] This rule states, in relevant part: "The clerk shall issue a subpoena, signed but otherwise blank, to a party requesting it, who shall complete it before service."

[2] California Department of Corrections and Rehabilitation.

on June 18, 2007, is premature, as is his request, also filed on that date, regarding the appearance of incarcerated witnesses at trial; this applies as well to his June 25, 2007, notice of jury instructions, and the court will not address them at this time.

Accordingly, IT IS ORDERED that:

1. Defendant Silva's September 25, 2006, motion to dismiss defendant Silva is vacated as moot;

2. Plaintiff's motion for leave to file a second amended complaint, filed on January 12, 2007, wherein plaintiff has voluntarily dismissed defendant Silva, to which defendants have filed a statement of non-opposition, is granted, and the second amended complaint is deemed filed, nunc pro tunc, as of January 12, 2007, and this action now proceeds only against defendants Williams, Moore and Frates.

3. As defendants Williams, Moore and Frates have previously answered the original complaint, they are granted twenty (20) days from the filing date of this order, to file either a statement indicating that they intend to rest on their previously filed answers, or to file an amended answer; should defendants fail to respond timely, the court will deem defendants' prior answers to be their answers to the second amended complaint.

4. Plaintiff's February 23, 2007, request for issuance and service of a subpoena duces tecum will be addressed in a separate order.

5. Only the discovery deadline is vacated from the November 29, 2006, scheduling order, at this time.

DATED: 7/25/07                                    /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
reed0060.mtd+

4