IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD REED,

        Plaintiff,                       No. CIV S-05-0060 RRB GGH P

    vs.

DR. WILLIAMS, et al.,

        Defendants.             <u>ORDER</u>

_____/

        Pursuant to this court's Order and subpoena, filed and issued on July 25, 2007, defendants were ordered to produce the medical and disciplinary records of Inmate Thornton, CDCR No. P-76816 in their entirety for *in camera* review. The court has now reviewed the copies of the records that were produced. As to the medical records, particularly any records related to Thornton's psychological profile or to any mental health evaluation or any psychological/psychiatric treatment, the court finds that such records are either irrelevant to the events at issue in this action or that such disclosure is foreclosed by <u>Jaffe v. Redmond</u>, 518 U.S. 1, 116 S. Ct. 1923 (1996), wherein, as noted in the Order, filed on July 25, 2007, the United States Supreme Court recognized a specific, and virtually inviolable, psychotherapist-patient privilege, even eschewing any balancing test involving the importance of the information versus the need for privacy. <u>Id</u>. at 17-18, 116 S. Ct. 1932. Nor is there any record in this case of

1

Inmate Thornton having waived the privilege.

On the other hand, to the extent that Thornton was being prescribed psychotropic medications, or any medicine for the treatment of his mental health, during a period of time that is relevant for this lawsuit, from January, 2000, through January, 2002, the court will order these medications disclosed to plaintiff unless, within ten (10) days of the filed date of this order, defendants can demonstrate that these prescriptions would not have been disclosed to correctional officers or to any prison personnel beyond any treating physician, clinical or pharmaceutical staff within the facility.

As to Inmate Thornton's prison disciplinary records, however, the court will order disclosure to plaintiff, subject to a protective order, of all of those prison disciplinary records submitted to this court for its review. These records cover a period of time from June, 2001, until December, 2004. Defendants, within ten (10) days, will submit a proposed protective order designed to preclude any dissemination of the information disclosed to plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. Records of Inmate Thornton's medical and/or mental health history and treatment, which treatment includes privileged communications, will not be disclosed;

2. Defendants must, within ten (10) days, demonstrate that confidentiality within the prison has been maintained with respect to medications prescribed to Inmate Thornton to treat any mental health condition for the period from January, 2000, until January, 2002; otherwise, these medication prescriptions must be disclosed to plaintiff;

3. Inmate Thornton's disciplinary records will be disclosed to plaintiff, as set forth above, subject to a protective order;

4. Defendants must, within ten days, submit a proposed protective order and retrieve the documents submitted to the court for *in camera* review.

DATED: 10/18/07                                  /s/ Gregory G. Hollows
                                                 U.S. Magistrate Judge

GGH:009/reed0060.dsc