IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD REED,

    Plaintiff,                        No. CIV S-05-0060 RRB GGH P

    vs.

DR. WILLIAMS, et al.,

    Defendants.              ORDER

_____/

        Pursuant to this court's Order filed on 10/18/07, defendants were directed, inter alia, to demonstrate, within ten (10) days, that confidentiality within the prison has been maintained with respect to the medications prescribed to Inmate Thornton for treatment of any mental health condition for a specified period of time or the court would require disclosure of Thornton's medication prescriptions to plaintiff.[1]  Defendants made a timely response which includes a declaration by T. Weinholdt, employed as a CDCR[2] Correctional Health Care Administrator II at Mule Creek State Prison (MCSP), an individual who states under penalty of perjury that he or she is familiar with the CDCR policies and procedures with regard to

---

[1] The court ruled therein that Inmate Thornton's medical and/or mental health history and treatment included privileged communications and would not be disclosed.

[2] California Department of Corrections and Rehabilitation.

1

disclosure of medical and psychiatric medication records. See Declaration of T. Weinholdt, ¶¶ 1-2.

According to declarant Weinholdt, correctional officers are not permitted any access to information about an inmate's medications, with the sole exception of those medications designated as "heat meds," and are only informed about inmates taking such medications because a patient exposed to high temperatures while taking heat meds could suffer a severe reaction, including death. Weinholdt Declaration (Dec.), ¶ 3. Officers are only informed about an inmate taking a heat med so that the appropriate cooling measures can be provided in hot weather. Id. T. Weinholdt also declares that correctional officers do not have access to an inmate's medical or psychiatric records but are only aware of which inmates are included in the mental health treatment program because such designations affect the custodial classification procedure. Id., at ¶ 4. Furthermore, MCSP general population inmates who receive psychiatric treatment at the Enhanced Outpatient (EOP) level of care, according to defendants' declarant, are housed in specifically designated units; thus, officers would be aware from an inmate's housing assignment whether he is receiving psychiatric services at the EOP care level. Id.

According to the declaration submitted by defendants, therefore, correctional officers are kept in the dark about the mental condition of inmates and the medications they are prescribed, thus having no idea of the dangerous propensities of prisoners for purposes of cell assignment or for assessing the appropriateness of yard and/or job placement. By this declaration, an inmate could be a raving lunatic suffering from an acute psychosis (or psychoses), dangerous to both himself and others, and such information would not be conveyed to correctional/custodial staff. Simply knowing that an inmate is designated as participating in the EOP program gives no indication or direction whatever as to what precautions or actions should be taken with regard to that inmate. While the submitted declaration may be sufficient to preclude production of Inmate Thornton's record of medication prescribed for any mental health

condition to plaintiff herein, plaintiff may well be able to use the declaration for pertinent purposes at trial.

In the 10/18/07, Order defendants were also directed to submit a proposed protective order designed to preclude dissemination of information that is to be disclosed to plaintiff regarding Inmate Thornton's disciplinary records. The court's review of the proposed order, filed on 11/1/07, reveals that it skips from clause no. 7 to clause no. 10, and it is unclear whether this is simply a typographical error or whether some portions of the proposed order are missing.

Accordingly, IT IS ORDERED that:

1. Based on their representation by way of a declaration under penalty of perjury that confidentiality within the prison is maintained regarding inmate medications, defendants will not be required to disclose the medications prescribed to inmate Thornton for treatment of any mental health condition;

2. Defendants must inform the court forthwith, and at the latest, within five calendar days, whether their proposed protective order, with respect to the information to be disclosed to plaintiff concerning Inmate Thornton's disciplinary history, is complete (and simply misnumbered) as filed; if not complete, defendants must file a corrected and complete proposed order within that same time period.

DATED: 11/8/07                                  /s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
reed0060.pro