IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD REED,

        Plaintiff,                     No. CIV S-05-0060 JAM GGH P

    vs.

DR. B. WILLIAMS, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On March 19, 2009, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Defendants have filed objections to the findings and recommendations.[1]

---

[1] In the cases cited and provided by defendants, the issue of timeliness implicated by the underlying motion is not squarely raised and addressed, and, therefore, the cases are not authority for the proposition advanced here. <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 631, 113 S. Ct. 1710, 1718 (1993)(where issue "never squarely addressed," prior rulings do not serve as binding precedent); <u>Webster v. Fall</u>, 266 U.S. 507, 511, 45 S. Ct. 148, 149 (1925)("[q]uestions which

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 19, 2009 are adopted in full; and

2. Defendants Moore's and Frates' motion to dismiss for failure to exhaust administrative remedies, filed on November 14, 2008 (Docket No. 109), is denied as untimely.

DATED: May 4, 2009

/s/ John A. Mendez
UNITED STATES DISTRICT JUDGE

---

merely lurk in the record...are not considered as having been so decided as to constitute precedents.")  Moreover, in contending that Magistrate Judge Hollows, in Sanders v. York, 2008 WL 1925232 * 4 (E.D. Cal. 2008), has previously considered a failure to exhaust administrative remedies at the summary judgment stage defendants' counsel failed to note, in denying defendants in that case another "bite of the apple" by way of a second summary judgment motion which would "waste court resources and delay resolution" of the case, his observation that "the problem with raising administrative exhaustion at the summary judgment stage is that if a claim is found exhausted and defendants have not moved for summary judgment on the merits, as in the instant case, the action will proceed to trial on claims which could possibly have been dismissed on their merits."  Finally, to permit defense counsel to proceed on the dilatory filing of such a motion as is at issue herein flies in the face of 18 U.S.C. § 1927, which authorizes the imposition of court sanctions upon counsel for "unreasonably and vexatiously" burdening the court, as in this instance where, long before the filing of this motion, the court was required, inter alia, to engage in extensive resolution of discovery matters, including issuance of a subpoena for a third party's medical and prison disciplinary records after which an in camera review had to be conducted.  See docket entries # 67, # 72, # 76, # 80.  If a motion could have been made earlier to obviate unnecessary work, there needs to be an extraordinary reason justifying such dilatory conduct.  Rule 12 should not be interpreted to permit what § 1927 precludes.