IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD REED,

        Plaintiff,                    No. CIV S-05-0060 JAM GGH P

    vs.

DR. B. WILLIAMS, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Defendants Moore and Frates seek to have this court's May 5, 2009 (docket # 127) <u>Order</u>, denying their motion to dismiss, certified under 28 U.S.C. § 1292(b) so an immediate appeal of the otherwise interlocutory order might be filed in the Ninth Circuit. An order certifying such an order under § 1292(b) is only appropriate when a district judge:

> shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation....

In the order at issue defendants' motion to dismiss, pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure, was denied as untimely. While defendants' argument that the question of the requisite timeliness of such a motion presents "a controlling question of law" for which there exists a "substantial ground for difference of opinion" has some merit, defendants do

1

not show that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." An appeal under 28 U.S.C. § 1292, "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." At this point there remains another defendant (for whom a summary judgment motion is pending), thus, strictly speaking, resolution of the issue presented by the 12(b) motion would not necessarily resolve this case. In addition, certifying the order at issue for appeal, far from advancing termination of the litigation, will necessitate a stay of this matter, at least as to defendants Moore and Frates, and this case was filed some four and a half years ago, in January of 2005.[1]

Defendants concede that the underlying motion to dismiss could have been brought earlier, that is, prior to this court's engagement in burdensome discovery matters. Indeed, current defense counsel expresses some confusion as to why it was not. Motion, p. 8. However, defendants' current counsel's argument that 28 U.S.C. § 1927, which holds attorneys to account for "unreasonably and vexatiously" multiplying the proceedings, would be unfairly imposed when applied to him, since he is relatively new to the case, is specious. The progress of the litigation is not determined by the assignment of any particular counsel; counsel may be substituted in at any time during the course of a case and as such, new counsel is likely often to find him or her self in the midst of a case for which he or she would have made different strategic choices at the outset. However, to permit counsel to turn back the calendar in such situations would impose unfair burdens on the court and work to the prejudice of plaintiff.

Accordingly, IT IS HEREBY ORDERED that defendants Moore's and Frates' June 2, 2009 (docket # 134) motion to certify for appeal the order denying defendants' motion to dismiss for failure to exhaust administrative remedies as untimely is DENIED.

---

[1] By application of the mailbox rule, the case was initiated in December of 2004. Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988), pro se prisoner filing is dated from the date prisoner delivers it to prison authorities.

1 | DATED: July 6, 2009

3 |                                          /s/ John A. Mendez
4 |                                          UNITED STATES DISTRICT JUDGE

5 | /reed0060.ord