IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD REED,

    Plaintiff,                      No. 2: 05-cv-0060 JAM KJN P

    vs.

B. WILLIAMS, et al.,

    Defendants.               <u>ORDER</u>

                                          /

        On October 13, 2010, the pretrial order was filed. On October 25, 2010, defendants filed objections. On October 26, 2010, plaintiff filed objections. This order addresses the parties' objections to the pretrial order.

        The pretrial order directed the parties to exchange exhibits thirty days prior to trial. Defendants state that thirty days prior to trial is Saturday November 13, 2010. Defendants request that the parties be required to serve copies of their exhibits by mail no later than Monday November 8, 2010 to assure that they are timely received. Good cause appearing, the pretrial order is amended to order the parties to mail their exhibits on or before Friday November 12, 2010. This should give the parties sufficient time to review the exhibits prior to trial.

        In his objections, plaintiff first objects to the order denying his request to call inmate Larry Lavell as a witness. Plaintiff claims that inmate Lavell would testify that he shared

1

a cell with plaintiff after plaintiff's altercation with inmate Thornton.  Plaintiff claims that inmate Lavell would testify that he heard plaintiff moaning in pain as a result of the injuries inflicted by inmate Thornton.  Plaintiff himself may testify regarding the injuries he suffered.  Plaintiff's request to call inmate Lavell as a witness is again denied.

The pretrial order states that it is undisputed that on July 4, 2001, plaintiff was moved to the cell with inmate Thornton.  Plaintiff objects to this undisputed fact on grounds that he does not recall the exact date on which he was moved to the cell with inmate Thornton.  Good cause appearing, the pretrial order is amended to state that it is undisputed that "on or around July 4, 2001" plaintiff was housed with inmate Thornton.

Plaintiff next objects that the pretrial order incorrectly identifies the inmate with whom inmate Thornton had an altercation as inmate Welch, P-45365.  Plaintiff states that inmate Thornton had an altercation with inmate Wells whose prison number is P-45465.  The court does not have sufficient information on which to determine whether plaintiff has correctly identified this inmate.  Accordingly, the pretrial order is amended to state that it is undisputed that inmate Thornton had been placed in ad seg on June 20, 2001, after he was involved in an altercation in the day room with an inmate.

The pretrial order states that plaintiff has listed 46 exhibits in his pretrial statement.  Plaintiff objects that he listed 47 exhibits.  Good cause appearing, the pretrial order is amended to state that plaintiff has 47 exhibits.

The pretrial order states that on June 25, 2001, plaintiff was placed in cell 201.  Plaintiff states that on that date he was placed in cell 211.  Good cause appearing, the pretrial order is amended to state that on June 25, 2001, plaintiff was placed in cell 211.

Plaintiff next objects to the court order that his inmate witnesses will appear via videoconferencing.  Based on plaintiff's objection, the court will order that plaintiff's inmate witnesses be transported to court to testify.

The pretrial order allowed plaintiff to call inmate Thornton as a witness on

grounds that he had personal knowledge regarding whether defendant Moore placed plaintiff in the cell with him. The pretrial order stated that inmate Thornton's remaining proposed testimony concerned matters that were undisputed. In his objections, plaintiff contends that he should be allowed to question inmate Thornton regarding undisputed matters. While the pretrial order did not preclude plaintiff from questioning inmate Thornton regarding undisputed matters, plaintiff should raise this objection at trial with the trial judge.

The pretrial order states that there are no stipulations. In his objections, plaintiff states that he interprets this statement, i.e. that there are no stipulations, to mean that he will not be allowed to present evidence regarding undisputed matters. That there are no stipulations does not mean that plaintiff is prohibited from presenting evidence regarding undisputed matters, subject to limitations that may be set by the trial judge.

Plaintiff also objects to any order limiting his ability to elicit testimony regarding inmate Thornton's mental status. This matter should be addressed to the trial judge.

Accordingly, IT IS HEREBY ORDERED that the pretrial order is amended in the manner discussed above.

DATED: November 2, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

re60.ord