UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD REED,<br><br>           Plaintiff,<br><br>   v.<br><br>WILLIE MOORE and TERRY FRATES,<br><br>           Defendants. | Case No. 2:05-CV-00060 JAM-KJN P<br><br>ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS |

    This matter comes before the Court on Defendants' Terry Frates and Willie Moore, collectively ("Defendants"), Motion for Attorneys' Fees (Doc. #242) and Bill of Costs (Doc. #241). Defendants request $36,932 in attorneys' fees pursuant to 42 U.S.C. § 1988 and $4,293.89 in costs pursuant to Fed. R. Civ. P. 54(d)(1) after prevailing in a jury trial against Plaintiff Ronald Reed ("Plaintiff"). Plaintiff is a state prisoner appearing pro se.

                    I.    FACTUAL BACKGROUND

    Plaintiff brought a civil rights lawsuit under 42 U.S.C. § 1983 against Defendants. Plaintiff alleged that Defendants

subjected Plaintiff to cruel and unusual punishment by placing him in a cell with an inmate who had mental problems and who had previously attacked another inmate. Plaintiff alleged that Defendants refused to move him from the unsafe situation, despite his requests to move, and, as a result, Plaintiff was attacked by his cellmate. Plaintiff alleged that the Defendants' actions resulted in physical injuries to Plaintiff, as well as emotional and psychological distress.

On December 15, 2010 this action proceeded to jury trial. On December 17, 2010, the jury returned a verdict in Defendants' favor (Doc. #236).

## II. OPINION

### A. Legal Standard

#### 1. Attorneys' Fees

Attorneys' fees are not awarded to prevailing defendants in civil rights cases unless the defendants can prove that plaintiff's action was "unfounded, frivolous, meritless or vexatious." Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 421 (1978) (internal citations omitted). An unfounded, frivolous, meritless, or vexatious lawsuit is one where "the result appears obvious or the arguments are wholly without merit." Galen v. County of Los Angeles, 477 F.3d 652, 666 (9th Cir. 2007). Courts must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421.

2.  Costs

Federal Rule of Civil Procedure § 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." When considering whether to grant costs to the prevailing party in a civil rights case, courts should consider the plaintiff's financial resources and the effect of imposing costs on future civil rights litigants. Stanley v. University of Southern California, 178 F.3d 1069, 1079 (9th Cir. 1999).

B.  Claims For Fees

Defendants argue that Plaintiff's claims were frivolous, meritless, and vexatious and ask the Court to award $36,932 in attorneys' fees. While Plaintiff does not directly oppose Defendants' request for fees, he mentions them in his "Motion For Transcripts For Equal Protection Litigating Against Defendants' Who Have the Benefit Of A Complete Copy Of The Transcripts To Litigate Their Motion For Attorney's Fees And Plaintiff's Motion For New Trial" (Doc. #244). In the Motion, Plaintiff argues that he needs a copy of his trial transcript to oppose the fees motion.[1] Since "[p]ro se complaints and motions from prisoners are to be liberally construed[,]" U.S. v. Seesing, 234 F.3d 456, 462 (9th Cir. 2001), the Court construes Plaintiff's Motion as an opposition.

Attorneys' fees are not normally awarded to prevailing defendants in civil rights cases unless they can prove that the plaintiff's claims are "groundless, without foundation, frivolous, or unreasonable." Karam v. City of Burbank, 352 F.3d 1188, 1195 (9th Cir. 2003) (internal citations omitted). In this case,

---

[1] The Court denied Plaintiff's request for a transcript (Doc. #248).

Plaintiff's claims survived two Motions to Dismiss and one Motion for Summary Judgment. This Court also presided over the trial of this case and is intimately familiar with the facts. Although the jury returned a verdict against Plaintiff, the Court does not find that Plaintiff's claims were groundless, without foundation, frivolous or unreasonable. Moreover, the verdict itself does not justify an award of attorney's fees to the defendants. See Jensen v. Stangel, 762 F.2d 815, 818 (9th Cir. 1985). Accordingly, the Defendants' Motion for Fees is DENIED.

### C. Claim for Costs

Defendants also ask the Court to award $4,293.89 in costs. While Plaintiff does not directly oppose the costs, he mentions them in his "Motion For Transcripts For Equal Protection Litigating Against Defendants' Who Have the Benefit Of A Complete Copy Of The Transcripts To Litigate Their Motion For Attorney's Fees And Plaintiff's Motion For New Trial" (Doc. #244). As with the fees motion, the Court is liberally construing Plaintiff's Motion as an opposition to costs.

While courts generally award costs to the prevailing party, they have exercised their discretion to deny costs in civil rights cases for reasons such as the losing party's limited financial resources, National Organization for Women v. Bank of Cal., 680 F.2d 1291, 1294 (9th Cir. 1982); the case addressed issues of substantial public importance, Association of Mexican-American Educators v. State of Cal., 231 F.3d 572, 591-93 (9th Cir. 2000); and the concern of creating a chilling effect on other future civil rights plaintiffs, Stanley, 178 F.3d at 1079.

Here, it is clear that Plaintiff has limited resources.

4

While Plaintiff has not specifically pled that he cannot afford to pay the costs, in his Motion for Appointment of Counsel (Doc. #19), he avers that he is an indigent prisoner. Thus, it is highly unlikely that Plaintiff would be able to satisfy any award of costs. Accordingly, the Court will exercise its discretion in this case and deny Defendants' request for costs.

### III.  ORDER

For the reasons set forth above,

Defendants' Motion for Attorneys' Fees is DENIED. The Court also declines to award costs to Defendants and against Plaintiff.

IT IS SO ORDERED.

Dated: February 17, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE